IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:00CR242 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| KIT KING, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on Defendant's pro se notice of appeal (filing 121),[1] filed with reference to the court's order of April 13, 2005 (filing 120), denying Defendant's "motion for a new trial" (filing 119). Defendant's motion recited that it was made pursuant to Federal Rule of Civil Procedure 60(b)(2). Defendant evidently sought to obtain relief from court's judgment of September 1, 2004 (filing 112), which denied Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (filing 103). That judgment was not previously appealed.

     Before Defendant can appeal the denial of his Rule 60(b) motion, a certificate of appealability must issue. See Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 motion, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). Slack v. McDaniel, 529 U.S. 473, 484 (2000). In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that

---

[1] This filing, entitled "motion to reverse district court order," was forwarded to this court by the United States Court of Appeals for the Eighth Circuit.

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Defendant's Rule 60(b) motion amounts to a second or successive application for relief under 28 U.S.C. § 2255, the filing of which was not approved by the Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003). This correctness of this procedural determination is not debatable. Also, a Rule 60(b)(6) motion may be used as a substitute for a timely appeal of a judgment. See Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004).

Accordingly, a certificate of appealability will not be issued. The court will, however, issue certification pursuant to Federal Rule of Appellate Procedure 24(a)(3) that the appeal is not taken in good faith, for the reasons previously stated, and thus Defendant will not be entitled to proceed in forma pauperis.

IT IS ORDERED that:

1. Defendant's notice of appeal (filing 121), treated as a motion for issuance of a certificate of appealability, is denied

2. A certificate of appealability shall not issue in this case;

3. Pursuant to Fed. R. App. P. 24(a)(3), the court certifies that Defendant's appeal is without any apparent legal basis and is not taken in good faith; and

4. The clerk of the court shall transmit a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit.

DATED: May 17, 2005.          BY THE COURT:

                              s/ Richard G. Kopf
                              United States District Judge